### No. 374
### PFAFF v. PEASE et al

Ohio Appeals, Erie County
No. 185. Decided Sept. 28, 1923

677. JUDGMENTS AND DECISIONS— Court may suspend judgment without vacating it pending hearing of motion to vacate.

KINKADE, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Pfaff took judgment against Pease on a cognovit note that was given to cover the purchase price of a second hand automobile. Pease et al filed a motion to vacate the judgment and permit them to present a defense. The motion was not heard until the next term of court, at which time the motion was granted. Upon the trial the jury returned a verdict for Pease. After judgment had been entered on the verdict, the court, having become convinced that the answer had changed the action into one in equity, vacated the judgment, heard the evidence, and rendered judgment again for Pease. It was urged that the court erred in vacating the judgment before first finding if there was a valid defense. In affirming the judgment the Court of Appeals held:

1. "The judgment was not in fact vacted, but was suspended, and pending the hearing of the case, the court required the defendants in error to enter into a bond of $1500, that they would pay any judgment that might be recovered, and the lien of the judgment would be continued as to the real estate. The record contains many unusual steps in the disposition of the case, but they are of no materiality and substantial justice was done in entering judgment for defendant."

Attorneys—King, Ramsey, Flynn & Pyle, for Pfaff; Hart & Schoepfle, for Pease; all of Sandusky.

---

### No. 375
### AMERICAN FINANCE CO. v. BENDER et al

Ohio Appeals, 2d District, Franklin County
No. 1174. Decided Feb. 28, 1924

787. MORTGAGES—As between innocent helder of duly recorded chattel mortgage and subsequent innocent purchaser of property, former prevails.

BY THE COURT.
#### Epitomized Opinion
Published Only in Ohio Law Abstract

Action for the foreclosure of a mortgage on an automobile. Bender purchased an automobile from the Haynes Motor Co. and executed as part consideration of the purchase, a chattel mortgage which, together with the note securing it, was transferred in due course and for value to the Finance Co. Subsequently the Motor Co. retook the automobile from Bender, and sold it to Katz, an innocent purchaser. In rendering a decree for the Finance Co., the Court of Appeals held:

The chattel mortgage having been regularly delivered and transferred to the plaintiff, must in our judgment, stand unless the plaintiff or its agent had notice of the fraud perpetrated by the Motor Co. in retaking the automobile and selling it for cash. There is no evidence of such notice. Though Katz is an innocent purchaser, as against the Motor Co., he was charged with notice of the mortgage which had been duly filed of record.

Attorneys—R. J. Beatty, for American Finance Co.; H. Kohn, for Katz; all of Columbus.